UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BLUSH BOOTCAMP FRANCHISING SYSTEMS LLC, )<br>)<br>)<br>Debtor, )<br>)<br>)<br>) | )<br>)<br>)<br>)<br>) Case No. 24-20912<br>)<br>) Chapter 11<br>)<br>)<br>) |

## EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF AFFILIATE CHAPTER 11 CASES

COMES NOW, Debtor, by and through attorney Phillips & Thomas LLC, and hereby requests that the Court enter an order directing the joint administration of various affiliated Chapter 11 cases. In support whereof, Debtor states as follows:

1. On June 24, 2024, Blush Bootcamp LLC filed a Chapter 11 case with case number 24-20785 in the District of Kansas.

2. On July 20, 2024, the following eight affiliated Chapter 11 cases were filed:

   Passionate Lives LLC (FKA Blush Fitness LLC), 24-20918
   Blush Bootcamp Franchising Systems LLC, 24-20912
   Blush Bootcamp Juliet LLC, 24-20913
   Blush Bootcamp Leawood LLC, 24-20914
   Blush Bootcamp Omaha LLC, 24-20915
   Blush Bootcamp Plantation LLC, 24-20916
   Blush Bootcamp Ankeny LLC, 24-20911
   Blush Bootcamp Prairie Village LLC, 24-20917

3. The Debtor seeks entry of an order directing procedural consolidation and joint administration of these closely related and affiliated Chapter 11 cases. Debtor requests that one file and one docket be maintained for all of the jointly-administered cases under the case

1

of Blush Bootcamp LLC (case number 24-20785) and that the cases be administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In Re:** | ) | Case No. 24-20785 |
| **Blush Bootcamp LLC, et. al.** | ) | Chapter 11 |
| **Debtors.** | ) | (Jointly Administered) |

4. The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code. Debtor also requests that a docket entry be made on each of the above-listed affiliate debtors to reflect the joint administration of these cases.

5. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are Bankruptcy Code section 342(c)(1), and Bankruptcy Rules 1005, 1015(b), and 2002(n).

6. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliate.

7. Each of the other debtors in these Chapter 11 cases is an affiliated entity with Blush Bootcamp LLC. They have the same owners (Max and Kelly Gellert), a common business purpose, the same operational scheme, many shared creditors, and they have interconnected finances and tax reporting structures. Joint administration of the cases is logical and appropriate under Bankruptcy Rule 1015(b). The joint administration of the Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

8. Joint administration will also save time and money and will avoid duplicative and confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the

numerous documents that will be served and filed herein and (b) file papers in one case rather than in multiple cases. Joint administration will also protect parties in interest by ensuring that parties in each Debtor's chapter 11 case will be apprised of all filings and matters before the Court relating to the Chapter 11 Cases.

9. Finally, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

10. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of the Chapter 11 cases because the relief sought is purely procedural, and in no way is intended to affect any substantive rights. Each creditor and other party in interest will retain whatever claims or rights they may have against any of the Debtors or such Debtor's estate.

11. The Debtors' estates will benefit from the reduction in costs that will result from joint administration. It is far more practical and expedient for the administration of the Chapter 11 cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings, and other matters involved in the Chapter 11 cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process without the procedural problems that would otherwise arise through the separate administration of these related cases.

12. No party will be prejudiced by the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect any substantive right of any creditor or other party in interest. An order of joint administration is related to the routine administration of a case and may be entered by the Court in its discretion, and the relief requested is commonly granted by bankruptcy courts in this District.

13. No previous request for the relief requested in the Motion has been made to this Court or any other court. Debtor respectfully requests that the Court enter an order granting the relief requested in this Motion and such other and further relief as the Court deems just and proper.

WHEREFORE, Debtor respectfully requests that the Court order that the present Debtor in this case be jointly administered with all the other Blush Bootcamp affiliated entities listed above, and for any other relief as may be appropriate.

Respectfully submitted,

Phillips & Thomas LLC

By: /s/ George J. Thomas 19230
5251 W 116th Place Ste 200
Leawood KS 66211
Phone: 913 385 9900
Email: geojthomas@gmail.com
Counsel for Debtor

Certificate of Service

I, the undersigned, hereby certify that the foregoing Motion was filed electronically in the US Bankruptcy Court for the District of Kansas on 7/21/2024.

/s/ George J. Thomas
Counsel for Debtor

4